IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL JONES, JR., § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | |
| § | No. 3:13-cv-848-L-BN |
| WILLIAM STEPHENS, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Michael Jones, Jr., a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

**Background**

Petitioner was charged with aggravated sexual assault by a Dallas County grand jury. He was found guilty at trial, pled true to two enhancement paragraphs, and was sentenced by the trial judge to a term of life imprisonment. His conviction and sentence were affirmed on direct appeal after his appellate attorney filed an *Anders* brief. *See Jones v. State,* No. 05-08-01314-CR, 2010 WL 2307096 (Tex. App. – Dallas, June 10, 2010, pet. ref'd). Petitioner filed an application for state post-conviction relief, which was denied without written order. *Ex parte Jones,* WR-31,535-02 (Tex. Crim. App. June 6, 2012). Petitioner then filed this action in federal district court, alleging that (1) no

evidence supported his conviction; (2) his conviction was the result of prosecutorial misconduct; and (3) he received ineffective assistance of counsel when his trial attorney (a) failed to file a motion to suppress DNA evidence, (b) neglected to seek a DNA expert to assist in trial preparation and testify at trial, (c) did not make an opening statement, and (d) failed to object to the use of prior convictions at sentencing.

The Court ordered Respondent to submit a preliminary response on the issue of limitations. *See* Dkt. No. 10. Because Respondent elected to waive his limitations defense, *see* Dkt. No. 17, the Court ordered Respondent to submit an answer on the merits, *see* Dkt. No. 18. Respondent filed an answer, *see* Dkt. No. 21, Petitioner submitted a reply brief*, see* Dkt. No. 23, and the habeas application is now ripe for consideration.

The underlying facts of this case are largely undisputed. On the night of November 2, 2003, B.L. returned home to her east Dallas condominium. As she unlocked her front door, an individual wearing a mask over the lower part of his face grabbed her wrists and forced her inside. B.L. struggled with her assailant until he threatened her with a knife. He then donned latex gloves and bound B.L.'s wrists with a cell phone charging cord while he searched the condo for valuables. When he returned, the individual forced B.L. to the floor of her bedroom, placed a pillowcase over her head, removed her pants, and sexually assaulted her. The assailant then filled a pillowcase with valuables and ordered B.L. to stay prone for two hours. Soon after the assailant left, B.L. ran into her condominium complex corridor and was helped by neighbors. Police officers arrived and recovered a number of items of evidence,

including the fingertip part of a latex glove and condom wrapper in B.L.'s bedroom, a surgical mask on her back steps, and broken latex gloves – one of which was missing the fingertip – and a condom wrapped in a tissue in the alley behind the condo. B.L. was examined at the hospital and physical evidence from her rape kit and the items recovered at the scene were sent to the Southwestern Institute of Forensic Sciences for examination. DNA evidence was recovered from the glove part and surgical mask found in and around B.L.'s condominium and the condom, tissue, and glove found in the alley. Epithelial (skin) cells on the condom, the tissue, the glove found in the alleyway, and the mask matched B.L., and skin cells on the condom, inside of the mask, inside of the piece of glove found in the condo, the broken glove found in the alley, and on the tissue containing the condom all matched another, unknown DNA profile.

In 2007 that profile was matched to Petitioner. At trial, B.L. was unable to positively identify Petitioner but testified that her assailant was black and that his facial features were consistent with those of Petitioner.

**Legal Standards**

Where, as here, a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington v. Richter*, 131 S. Ct. 770, 784 (2011) ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning").

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). To prevail on an ineffective assistance

of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland,* 466 U.S. at 689), *cert. denied,* 133 S.Ct. 1584 (2013).

And, to demonstrate prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington,* 131 S. Ct. at 792.

Finally, where, as here, the state court adjudicated an ineffective assistance claim on the merits, this Court must review Petitioner's claim under the doubly deferential standards of both *Strickland* and Section 2254(d). In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard" – it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington,* 131 S. Ct. at 785.

## Analysis

Legal Sufficiency

Petitioner alleges that "no evidence" was adduced at trial to support his conviction, because B.L. was unable to positively identify him as her assailant, she did not indicate that he had a speech impediment, the in-court identification was "unduly suggestive," there was some conflicting testimony, and DNA evidence is inherently unreliable. *See* Dkt. No. 3 at 6 & 30-37.

A claim that "no evidence" supports a conviction is the same as a challenge to the legal sufficiency of the evidence. *See Haley v. Cockrell,* 306 F.3d 257, 266-67 (5th Cir. 2002), *vacated on other grounds,* 541 U.S. 386 (2004); *see also Jenkins v. Thaler,* No. 3:11-cv-3002-D-BH, 2012 WL 5944924, at *5 (N.D. Tex. Nov. 1, 2012), *rec. adopted*, 2012 WL 5995097 (N.D. Tex. Nov. 28, 2012). A federal court may not disturb a state criminal conviction unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *see also Gibson v. Collins,* 947 F.2d 780, 781 (5th Cir. 1991). The evidence must be viewed in the light most favorable to the verdict. *See Jackson,* 443 U.S. at 319; *Gibson,*

947 F.2d at 781. This standard of review applies in both direct and circumstantial evidence cases. *See Schrader v. Whitley,* 904 F.2d 282, 287 (5th Cir. 1990). And a federal habeas court is required to give substantial deference to the state court's decision regarding the sufficiency of the evidence. *Callins v. Collins,* 998 F.2d 269, 276 (5th Cir. 1993).

In Texas, an individual is guilty of aggravated sexual assault if the person intentionally or knowingly causes the penetration of the sexual organ of another person by any means, without that person's consent, and uses or exhibits a deadly weapon in the course of the same criminal episode. *See* TEX. PENAL CODE §§ 22.021(a)(1) & (2). At trial, evidence was admitted to establish that B.L. was sexually assaulted at knife point by an individual and that this conduct was knowing, intentional, and non-consensual. B.L. testified that her assailant wore a mask over the lower part of his face and that he matched the physical characteristics of Petitioner. SWIFS forensic biologist Stacy McDonald explained that B.L.'s skin cells were found on the condom, the tissue, the broken glove, and the mask, and Petitioner's skin cells were discovered on the condom, inside of the mask, inside of the piece of glove found in the condo, the broken glove found in the alley, and on the tissue containing the condom. Testimony also indicated that Petitioner lived with his mother in a nearby apartment.

In rejecting Petitioner's claim of "no evidence," the state habeas court effectively held that the evidence was legally sufficient to support conviction. Petitioner has failed to prove that the state court's rejection of his legal insufficiency claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established federal law, as determined by the United States Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. This is so even disregarding any alleged in-court identification of Petitioner by B.L. at trial and even accounting for the existence of conflicting testimony, which is not enough to establish legal insufficiency. *See, e.g.*, *Alexander v. McCotter,* 775 F.2d 595, 598 (5th Cir. 1985) ("This Court has held that, in making this determination, we should not substitute our view of the evidence for that of the factfinder, but consider all of the evidence in the light most favorable to the prosecution.").

Accordingly, this ground for relief should be denied.

Prosecutorial Misconduct

Petitioner next claims that his conviction was the result of prosecutorial misconduct because, during *voir dire,* the prosecutor asked the venire panel questions regarding a defendant's right not to testify. *See* Dkt. No. 3 at 6 & 38-39; *see also* Dkt. No. 16-22 at 18-19. A prosecutor's statements regarding a defendant's failure to testify made after the introduction of evidence may violate the Fifth Amendment. *See United States v. Johnston,* 127 F.3d 380, 396 (5th Cir. 1997). However, during *voir dire*, the prosecution may attempt to determine if a prospective juror will be prejudiced against the state by the absence of live testimony from the defendant. *See Campos v. State,* 589 S.W.2d 424, 426 (Tex. Crim. App. 1979); *see also Sanders v. State,* 963 S.W.2d 184, 190 (Tex. App. – Corpus Christi 1998, pet. ref'd). This is a valid area of *voir dire* inquiry under Texas law as a prospective juror should be told what the law is before being

excused for bias or prejudice against that law. *See Cuevas v. State,* 742 S.W.2d 331, 343 n.12 (Tex. Crim. App. 1987) (overruled on other grounds by *Woolridge v. State,* 827 S.W.2d 900, 906 (Tex. Crim. App. 1992)). There is no constitutional or statutory prohibition preventing a prosecutor, during *voir dire,* from raising the prospect of a defendant exercising his Fifth Amendment right. *See Green v. Johnson,* 160 F.3d 1029, 1038 (5th Cir. 1998); *see also Davis v. Thaler,* No. 4:09-cv-434-A, 2010 WL 549787, at *9 (N.D. Tex. Feb. 16, 2010).

As such, on this claim, Petitioner has not raised any violation of his constitutional or statutory rights. Accordingly, he cannot establish that the state habeas court's rejection of this claim was unreasonable in any way.

Ineffective Assistance of Counsel

Petitioner alleges that his attorney was ineffective because he failed to file a motion to suppress DNA evidence, neglected to obtain and call an expert witness in DNA analysis, did not make an opening statement, and failed to object to the use of prior convictions at sentencing.

*Failure to File Motion to Suppress*

It is well established that the failure to file a motion to suppress does not constitute *per se* ineffective assistance of counsel. *See Kimmelman v. Morrison,* 477 U.S. 365, 384 (1986). The Supreme Court has explained that,

> [w]here defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual

prejudice.

*Id.* at 375. The inquiry turns on whether a hypothetical motion to suppress would have been successful. *See United States v. Oakley,* 827 F.2d 1023, 1025 (5th Cir. 1987). Defense counsel cannot be faulted for failing to raise a baseless objection. *See. e.g.*, *Sones v. Hargett,* 61 F.3d 410, 415 n.5 (5th Cir. 1995) (holding that an attorney cannot be judged deficient for his failure to raise a frivolous issue).

Here, Petitioner has not provided any evidence to suggest that a motion to suppress the DNA evidence would have any merit. He does not establish that the DNA testing was defective, that the buccal swab was collected in violation of his Fourth Amendment rights, or that a motion to suppress would otherwise have had merit. Instead, he suggests that the analysis was flawed because he cannot produce sperm and "DNA testing can never prove complete certainty that the semen is from the suspect." *See* Dkt. No. 3 at 32-35. The testimony at trial indicates that the DNA testing never revealed the presence of sperm and that Petitioner was identified through skin cells. *See* Dkt. No. 16-24 at 24-31. Regardless, Petitioner does not show that the evidence was inadmissible or that the trial court would have granted a motion to suppress if one had been filed.

Thus, he fails to show that he was denied effective assistance of counsel in connection with his counsel's failure to file a motion to suppress. Petitioner further fails to demonstrate that the state court's decision to reject this claim was objectively unreasonable.

Accordingly, he is not entitled to relief on this issue.

*Failure to Obtain Expert Witness*

Petitioner claims that he received ineffective assistance of counsel because his attorney failed to seek authorization to hire an expert witness on DNA analysis and call that witness at trial. "[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman,* 566 F.3d 527, 538 (5th Cir. 2009). To prove that counsel was ineffective for failing to call a witness, "the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Id.*; *see also Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002).

Petitioner does not identify any investigator or expert who could have been appointed by the trial court, does not allege with specificity what the investigation would have revealed or the substance of the missing expert testimony, and fails to explain how the results of the investigation or the testimony of a rebuttal expert would have changed the outcome of the trial. *See Wiggins v. Thaler,* No. 3:10-cv-0061-P, 2010 WL 5093943, at *5 (N.D. Tex. Oct. 19, 2010) (citing *Day,* 566 F.3d at 538), *rec. adopted*, 2010 WL 5093942 (N.D. Tex. Dec. 14, 2010) (denying habeas claim that counsel should have requested appointment of an expert to investigate the complainant's family dynamics and reason for accusing petitioner). In addition, there is no evidence that any expert witness was available to testify at trial, the contents of any such witness's

testimony, or that the testimony would have been favorable.

Moreover, Petitioner must be able to show "a reasonable probability that, but for counsel's failure to request an expert, the jury would have had a reasonable doubt concerning his guilt." *Earhart v. Johnson,* 132 F.3d 1062, 1068 (5th Cir. 1998). Here, Petitioner does not provide any evidence – aside from his mistrust of DNA analysis – to establish that the DNA evidence that linked him to the sexual assault of B.L. was flawed.

Accordingly, he is not entitled to relief on this issue.

*Failure to Present Opening Statement*

Petitioner contends that he was denied his statutory right to present an opening statement, which deprived the jury of an explanation of the defense theory of the case. *See* Dkt. No. 3 at 42-43. There is a strong presumption that the decision to waive opening statement is a matter of trial strategy. *See Williams v. Beto,* 354 F.2d 698, 703 (5th Cir. 1965) (finding that the decision not to present opening statement was a "matter of professional judgment" because the case against the defendant was strong); *see also Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984). The *Strickland* standard is highly deferential to such strategic choices made by trial counsel. *See Pabst v. Thaler,* No. 3:11-cv-2311-O-BD, 2012 WL 4442408, at *6 (N.D. Tex. June 5, 2012), *rec. adopted*, 2012 WL 4458401 (N.D. Tex. Sept. 26, 2012).

Even if the decision could be deemed deficient, Petitioner fails to articulate how the absence of an opening statement resulted in any prejudice. *See Hall v. Quarterman,* No. H-08-0621, 2008 WL 5378069, at *16 (S.D. Tex. Dec. 24, 2008) (citing *Nguyen v.*

*Reynolds,* 131 F.3d 1340, 1350 (10th Cir. 1997) (holding that "[d]efense counsel's failure to make an opening statement was nothing more than a tactical decision that did not adversely affect [the defendant]")). Petitioner certainly does not suggest the contents of an opening statement that his counsel could have offered to overcome the physical evidence connecting him to the sexual assault of B.L. Petitioner therefore fails to demonstrate a valid claim for ineffective assistance of counsel on this ground.

*Failure to Object to Prior Convictions*

Finally, Petitioner faults his counsel for failing to object to the allegedly prejudicial admission and consideration of his prior convictions during sentencing. Initially, Petitioner has failed to show that his attorney was deficient for failing to object to this evidence. Under Texas law, evidence may be offered at the punishment phase of a criminal trial as to any matter that the trial court deems relevant to sentencing, including the prior criminal record of the defendant and any evidence of an extraneous crime or bad act that is shown, beyond a reasonable doubt, to have been committed by the defendant. *See* TEX. CODE CRIM. PROC. Art. 37.07, § 3. In addition, in order to prove the enhancement paragraphs alleged in the indictment, it was necessary for the State to establish that Petitioner had been convicted of the prior offenses. *See* TEX. PENAL CODE § 12.42(d).

Regardless, Petitioner has not established that he was prejudiced in any way. Sentencing took place before the trial judge, and a judge is presumed to rest his determinations only on the admissible evidence before him and to have disregarded that which is inadmissible. *See United States v. Cardenas*, 9 F.3d 1139, 1154 (5th Cir.

1993). Moreover, Petitioner pled true to the enhancement paragraphs alleging the prior convictions contained within his pen packet. *See* Dkt. No. 16-25 at 13-14. Petitioner has therefore failed to prove that the state court's denial of this claim was unreasonable.

## Recommendation

Petitioner's application for writ of habeas corpus should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 4, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE