IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MICHAEL JONES,** § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:13-CV-848-L** |
| § | |
| **WILLIAM STEPHENS, Director**, § | |
| **Texas Department of Criminal Justice**, § | |
| **Correctional Institutions Division**, § | |
| § | |
| Respondent. § | |

## ORDER

Before the court is Petitioner Michael Jones's ("Petitioner") Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. The case was referred to Magistrate Judge David L. Horan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on October 4, 2013, recommending that Petitioner's habeas petition be denied. Petitioner filed objections to the Report in which he contends that he is innocent and no evidence was presented at trial to support his conviction. Petitioner also disagrees with the magistrate judge's findings and recommendation regarding alleged prosecutorial misconduct and ineffective assistance of counsel. In addition, Petitioner contends that the Report does not address his contention that the state habeas court did not rule on his Chapter 64 Motion for DNA Testing.

After reviewing the pleadings, file, objections, record, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. Further, assuming that Petitioner's habeas petition can be interpreted as asserting a claim based on his contention that the state habeas court

failed to rule on his motion for DNA testing under Chapter 64.01 of the Texas Code of Criminal Procedure, such a claim is not cognizable in a federal habeas case. Infirmities in state habeas proceedings do not constitute grounds for relief in federal court. *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997); *see also Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself."). Because any claim that the habeas proceeding was defective is based solely on state law, it provides no basis for federal habeas relief. The court therefore **overrules** Petitioner's objections, **denies** his Petition for Writ of Habeas Corpus, and **dismisses with prejudice** this action. The court's determination regarding Petitioner habeas petition moots his Motion to Appoint Counsel (Doc. 27), which was filed on the same date as his objections. Accordingly, Petitioner's Motion to Appoint Counsel (Doc. 27) is **denied as moot**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)    Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    **(b)    Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 29th day of October, 2013.

*[signature]*
Sam A. Lindsay
United States District Judge